114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Clay McCLANAHAN, Defendant-Appellant.
 No. 96-50083.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided May 19, 1997.
 
 1
 Before: BROWNING, and SCHROEDER, Circuit Judges and RESTANI, Judge**.
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 The district court properly denied McClanahan's motion to suppress evidence found in the trunk of his car. Given the evidence presented in the affidavit, it was reasonable for the magistrate to conclude probable cause existed to believe that evidence of the crime would be found in McClanahan's car. The affidavit established McClanahan left in the Honda Civic with a trash bag that remained unaccounted for. Agent Hill's experience indicated that bank robbers often hide the proceeds of their crimes in their cars. It was reasonable for Agent Hill to conclude that McClanahan went somewhere other than across the street, as he said, since he was gone for thirty minutes to an hour. This was sufficient time to travel to his car.[1] The evidence presented in the affidavit was more than sufficient to conclude that "it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990) (citations omitted) (noting that the magistrate was permitted to rely on the conclusions of an experienced law enforcement officer regarding where evidence of a crime may be located). The motion to suppress was properly denied.
 
 II.
 
 4
 We deny McClanahan's challenge to the sufficiency of the evidence to support his bank robbery convictions. Even if McClanahan had moved for a judgment of acquittal and preserved the right to challenge the sufficiency of the evidence, the evidence presented at trial, viewed in the light most favorable to the government, was sufficient to support his conviction for both bank robberies. Regarding the March 30th robbery, the white male robber matched McClanahan's height and weight. The car used in the robbery matched a car under his control and when the car was returned to its owner, the air in the car made the owner's eyes burn, suggesting that there had been a caustic substance in the car. The mask and gun used at the robbery were found in McClanahan's vehicle. Regarding the April 27th robbery, the robber matched McClanahan's height, weight and skin color. The robber drove a Jeep Cherokee which matched the car McClanahan had picked up from Risher. The damage to Risher's car linked it to the bank robbery. McClanahan was seen driving the car immediately after the robbery and his eyes were red and irritated. McClanahan was absent from Can Am when the robbery occurred and shortly after the robbery. A trash bag in the back of his car when he left Can AM was unaccounted for. Numerous items, including the Nixon mask and the gun, were found in McClanahan's trunk. A rational trier of fact could have found that McClanahan committed both crimes beyond a reasonable doubt: therefore, there was sufficient evidence to support McClanahan's convictions for both robberies.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The failure to search the entire garage does not undermine the existence of probable cause because McCalnahan's actions suggested he may have tried to hide evidence of the crime away from the garage. Neither case cited by McClanahan requires suppression of the evidence in McClanahan's car